UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig McCray, | ) C/A No. 3:10-1938-HFF-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Kimberly Barr, Solicitor; | ) |
| Inv Brenda Lambert, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Craig McCray (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Williamsburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a solicitor and an investigator as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

(1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

Plaintiff has been detained at the Williamsburg County Detention Center since August 22, 2009. *See* Complaint, page 3. Since his detention, Plaintiff has been requesting a bond hearing and a "pretrial hearing," to no avail. *Id.* Plaintiff claims that he is transported to the court house "every time court comes around," but "[t]hey always want me to plea guilty to this charge of 1st degree Burgly [sic]." *Id.* Plaintiff indicates he has written Defendant Inv. Brenda Lambert "to see if she would help me out. The only thing she does is laugh and smile at me, [as if] it's a big joke." *Id.* Plaintiff provides no factual allegations regarding Defendant Kimberly Barr. Plaintiff seeks a preliminary hearing, a bond hearing, and monetary damages. *Id.* at 5.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As indicated above, Plaintiff provides no factual allegations against one of the Defendants, Kimberly Barr, Solicitor. In fact, Plaintiff does not even mention Defendant Barr in the body of the complaint. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). The complaint's general claims, absent any personal allegations against Defendant Barr, are insufficient to state a claim against her under § 1983.

Further, to the extent Plaintiff may be suing Defendant Barr for actions taken as the prosecuting attorney in his pending state criminal case, such a claim must fail. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Solicitors are elected by voters of a judicial circuit, and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-*

*Burnside*, 208 F.3d 467 (4th Cir. 2000). Any possible claims the Plaintiff may be attempting to raise regarding Defendant Barr's prosecution of his criminal case are barred from suit under § 1983. Therefore, Defendant Barr should be dismissed from Plaintiff's case.

Plaintiff's claims against Defendant Brenda Lambert, Investigator, are also subject to summary dismissal. Plaintiff alleges that he wrote to Defendant Lambert about his failure to receive a bond hearing or preliminary hearing in his criminal case. However, Plaintiff indicates that Defendant Lambert responded by laughing at Plaintiff and treating his situation like a "big joke." First, Plaintiff presents no factual allegations to demonstrate that Defendant Lambert is, in any way, preventing Plaintiff from receiving a bond or preliminary hearing. Instead, Plaintiff claims that Defendant Lambert has responded to his requests for assistance in a derogatory manner. However, verbal abuse of an inmate, although clearly unprofessional and inappropriate, does not rise to the level of a constitutional violation. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999). As the complaint fails to allege that Defendant Lambert has done anything more than laugh at the Plaintiff, his claims against this Defendant are subject to summary dismissal.

Finally, it is noted that, in addition to monetary damages, Plaintiff asks this Court to ensure that he receives a bond hearing and a preliminary hearing. Thus, Plaintiff seeks an order from a federal court directing specific actions in a state criminal case. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *see Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. Plaintiff's pleading fails to

demonstrate that, despite being taken to court numerous times, he has done anything more than write an investigator to seek a bond and preliminary hearing. Thus, the complaint fails to show that Plaintiff has no adequate remedy at law to request a bond hearing, or present extraordinary circumstances sufficient to warrant federal court interference in a state court criminal action.

### Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

Joseph R. McCrorey
United States Magistrate Judge

August 18, 2010
Columbia, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).